Marshal who indicated that the fire ignited in the ductwork of Ceci. Based on the foregoing, triable issues of fact exist as to whether Master Fire was negligent in performing its work on Ceci's behalf (*see e.g. Hosmer v Kubricky Constr. Corp.*, 88 AD3d 1234 [3d Dept 2011], *lv dismissed* 19 NY3d 839 [2012]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN OTERO, Appellant. [40 NYS3d 775]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered August 1, 2013, as amended October 3, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree; and judgment, same court and Justice, rendered August 1, 2013, as amended October 28, 2013, convicting defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence for the sale conviction to a term of four years, with two years' postrelease supervision, and otherwise affirmed.

We find the sentence excessive to the extent indicated. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.

■ MASAKO IWATA, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [40 NYS3d 776]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about July 13, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendants failed to establish prima facie that the emergency doctrine is applicable to the facts of this case, i.e., that plaintiff's injuries resulted from defendant bus driver's reaction to "a sudden and unforeseen emergency not of [his] own making" (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001]). They submitted the driver's testimony that a taxicab cut him off and made a right turn in front of him as he was slowing down and pulling into the Second Avenue bus stop. However, defendants' submissions include the driver's testimony that he made two stops for traffic between Third and Second Avenues and